**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENA K. KIRCHOFF, | No. 15-35861 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05824-KLS |
| v. | MEMORANDUM* |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Submitted September 3, 2019**

Before: LEAVY, TROTT, and SILVERMAN, Circuit Judges

Dena K. Kirchoff appeals the district court's order affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income benefits under Titles II and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. At step five of the sequential evaluation process, the administrative law judge (ALJ) determined that Kirchoff could perform jobs that exist in significant numbers in the national economy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The ALJ provided clear and convincing reasons for concluding that Kirchoff was not fully credible by explaining that Kirchoff's relatively conservative treatment history, ability to work full-time during the alleged period of disability, and inconsistent statements regarding her pain undermined her testimony regarding the severity of her impairments. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (holding that daily activities may be grounds for an adverse credibility finding where a claimant spends a substantial part of the day performing functions that are transferable to a work setting); *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (holding that conservative treatment justifies discounting a claimant's testimony regarding severity of impairment); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (explaining that an ALJ is permitted to consider a claimant's inconsistent statements to reject a claimant's testimony).

The ALJ provided specific and legitimate reasons, supported by substantial evidence, for assigning little weight to the contradicted opinion of Dr. Phillips. First, the ALJ correctly noted that Dr. Phillips's statements that Kirchoff was

2                                                                    15-35861

disabled, without discussion of actual functioning, were legal opinions on an issue reserved to the Commissioner. *See McLeod v. Astrue*, 640 F.3d 881, 884-85 (9th Cir. 2011). Second, the ALJ properly reasoned that Kirchoff's subsequent work activities undermined Dr. Phillips's opinion that he was disabled. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). The ALJ properly assigned great weight to the opinion of consulting source Dr. Robert Hoskins because Dr. Hoskins's opinion was supported by the objective evidence.

The ALJ provided specific and legitimate reasons, supported by substantial evidence, for assigning little to no weight to the opinions of Dr. Richard Coder, Dr. Thomas Clifford, and Dr. Bruce Eather regarding Kirchoff's mental impairments by explaining that they were contradicted by the fact that Kirchoff was able to sustain full-time employment after they evaluated her. *See Tommasetti*, 533 F.3d at 1041 (9th Cir. 2008).

The ALJ provided germane reasons, supported by substantial evidence, for partially rejecting the opinion of physician's assistant Paul Surette by stating that Surette's opinion was inconsistent with the medical evidence and instead appeared to be based on Kirchoff's non-credible self-reports. *See Ghanim*, 763 F.3d at 1161 (explaining that the ALJ must give reasons that are germane to each witness to discount the opinions of other sources); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (explaining that where an ALJ has

15-35861

properly discounted a claimant's testimony as non-credible, those reasons are germane for rejecting similar lay witness testimony).

The ALJ provided germane reasons, supported by substantial evidence, for partially rejecting lay witness Vince Kirchoff's opinion because his opinion was not supported by the objective medical evidence. *See Molina*, 674 F.3d at 1114 (explaining that the ALJ must give reasons that are germane to each lay witness to discount lay witness testimony).

The ALJ did not err in formulating Kirchoff's residual functional capacity ("RFC") because the ALJ properly incorporated all of Kirchoff's medically supported limitations into her RFC.

We do not consider any issues that Kirchoff failed to specifically argue in her opening brief. *See Carmickle v. Comm'r of SSA*, 553 F.3d 1155, 1161 n.2 (9th Cir. 2008) (explaining that this court will not consider issues that are not specifically and distinctly raised in the opening brief).

**AFFIRMED.**